MURPHY v. SMITH et al.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

FORECLOSURE SALE—RELIEF OF PURCHASER—FIXTURES—CONDITIONAL SALE—
NOTICE.

 A purchaser of property at a foreclosure sale cannot be relieved there-from on the ground that various chattels connected therewith, which would ordinarily pass with the realty, retained their movable character because they had been delivered to the owner of the equity of redemption on conditional sale, without further proof than that the sellers of such property had notified him that it had been sold conditionally.

Appeal from special term, New York county.

Action by Ida M. Murphy against Burton H. Smith and Anthony McOwen, a purchaser. From an order denying relief from a purchase under foreclosure, the purchaser appeals. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

T. C. Press, for appellant.
A. B. Carrington, for respondent.

PER CURIAM. A purchaser at a judicial sale moved the court below to be relieved from his purchase. He bid the property in at a sale under a foreclosure decree. The houses upon the land sold were unfinished. Upon the premises were certain boilers, heaters, radiators, ranges, dumb waiters, and tubs, all of which, he asserts, were intended for the houses, and were to be permanently connected with the same. He claims that he believed these articles were attached to the freehold and would pass with the title thereto, but that they retain their character as chattels because they were delivered to the owner of the equity of redemption upon conditional sales, and that the title thereto has never passed out of the sellers of such chattels. The court below denied the motion of the purchaser to be relieved, and properly so. There was no proof made of anything more than that the plaintiff received notice of a claim of the sellers of the chattels that they had parted with them upon a conditional sale. The mere assertion of a claim is not sufficient in a case of this character. No proof was presented coming from either of the persons by whom it is alleged such claims were preferred. The articles would ordinarily pass with the freehold. It should be shown that the sellers were entitled to sever and take them away. A judicial sale is not to be set aside simply because of the assertion of a claim, without one word of proof to support it. Some evidence was required that the claims had a foundation in something else than mere assertion. There is nothing to show why affidavits of the respective alleged claimants were not procured, so that the court could see that the claims were made in good faith, and rested on a basis of right.

The order appealed from should be affirmed, with $10 costs and disbursements.